IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| Steve Rothrock, | ) | C/A No.: 2:19-cv-2227-RMG |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **ORDER AND OPINION** |
| v. | ) |  |
|  | ) |  |
| City of Georgetown; Paul Gardner, Personally and as Former City of Georgetown Administrator; Jack Scoville, Personally and as Former Mayor of the City of Georgetown; Kelvin Waites, Personally and as Former Chief of Police For the City of Georgetown | ) |  |
|  | ) |  |
| Defendants, | ) |  |
|  | ) |  |
| And | ) |  |
|  | ) |  |
| Paul Gardner, Personally and as Former City of Georgetown Administrator, | ) |  |
|  | ) |  |
| Counterclaimant, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| Steve Rothrock, | ) |  |
|  | ) |  |
| Counterclaim Defendant. | ) |  |

Before the Court is Plaintiff's motion to compel more complete discovery responses from various Defendants. (Dkt. No. 99). For the reasons stated below, Plaintiff's motion is granted in part, denied in part.

1

### I.     **Background**

In this matter, Plaintiff, Steve Rothrock, brings several claims against Defendants the City of Georgetown; Paul Gardner individually and as the former City of Georgetown Administrator; Jack Scoville individually and as the former Mayor of the City of Georgetown; Kelvin Waites individually and as the Chief of Police for the City of Georgetown. (Dkt. No. 86). In his Amended Complaint, Plaintiff essentially alleges Defendants allegedly conspired to create a false narrative that Plaintiff had been involved with the criminal activity of littering which purportedly defamed Plaintiff's character and reputation. (Dkt. No. 87). Plaintiff brings claims for: (1) class of one equal protection/retaliation/Title 42 U.S.C. § 1983 as to all Defendants; (2) civil conspiracy pursuant to 42 U.S.C. § 1983 as to all Defendants; (3) negligence/gross negligence as to all Defendants; (4) negligence/gross negligence as to all Defendants; (5) defamation-libel as to all individual Defendants; (6) civil conspiracy as to individual defendants; (7) negligent or intentional infliction of emotional distress as to all individual Defendants; (8) violation of frivolous claims proceedings act as to Defendant Gardner; and (9) malicious prosecution as to Defendant Gardner. Defendant Gardner filed counterclaims against Plaintiff for slander per se; false light; and abuse of process. (Dkt. No. 90 at 9-11).

The matter before the Court involves Plaintiff's request for more complete discovery responses from Defendant City of Georgetown ("Defendant City"), Defendant Jack Scoville ("Defendant Scoville"), and Defendant Paul Gardner ("Defendant Gardner"). (Dkt. No. 99). In a letter to Defendants' counsel dated May 7, 2021, Plaintiff's counsel listed specific perceived deficiencies with Defendants' responses to Plaintiff's Interrogatories ("ROG"), Requests for Production of Documents ("RFP"), and Requests for Admission. ("RFA"). (Dkt. No. 99-7). In the May 7 letter, Plaintiff's counsel explained that the only items listed are those discovery requests in which Plaintiff is still pursuing responses, but those not specifically mentioned are waived by

Plaintiff and excluded from any further effort to compel. (*Id.*). On July 2, 2021, Plaintiff filed a motion to compel more complete discovery responses from various Defendants. (Dkt. No 99). On July 23, 2021, Defendants filed a memorandum in opposition to Plaintiff's motion to compel that responds to the specific items contained in the May 7 letter drafted by Plaintiff's counsel. (Dkt. No. 102). On August 30, 2021, Plaintiff filed a reply. (Dkt. No. 104). Plaintiff's motion is ripe for the Court's review.

## II.     Legal Standard

Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case. . ." FED. R. CIV. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'".) The court "must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1).

## III.     Discussion

Plaintiff's motion to compel seeks more complete discovery responses from Defendants City, Scoville, and Gardner. The Court will discuss each contested discovery issue in turn below.

### A. The City's Answers to Plaintiff's ROGs

Plaintiff maintains Defendant City has not fully complied with Plaintiff's ROGs 10 and 11. (Dkt. No. 99-7 at 1). Defendant City maintains that its responses to Plaintiff's ROGs 10 and 11 fully comply with Fed. R. Civ. P. 26 and 33.

Plaintiff's ROG 10 asks Defendant City to:

[E]xplain all reasons, grounds, misconduct, wrongdoing, and/or all fault-based grounds for Defendant Gardner being given an offer to accept resignation, that were known to Defendant City, its Officers or Agents that the time Defendant City and Defendant Gardner negotiated and executed the "Resignation and Release" agreement on February 22, 2018 effective March 2, 2018.

(Dkt. No. 66 at 3).

Defendant's response to Plaintiffs' ROG 10 is that it had not taken any official action or vote regarding Defendant Gardner's employment contract prior to Defendant Gardner resigning, thus outside counsel was retained to negotiate the terms of Defendant Gardner's resignation and Defendant City accepted the terms contained in the Resignation and Release Agreement. (Dkt. No. 66 at 3). Defendant City responded that Gladys Livingston was the Human Resources/Risk Manager employee of the City who primarily dealt with the resignation, but she is no longer employed with the City. (Dkt. No. 66 at 4).

Plaintiff's ROG 11 asks Defendant to:

"[E]xplain all reasons that caused, supported, or influenced the Defendant City's decision to give Defendant Gardner an "offer to accept resignation," as described in Section 10, subparagraph 4 of Defendant City's Employment Agreement with Defendant Gardner dated July 18, 2017. The Resignation and Release Agreement indicates Defendant City made this offer to Defendant Gardner."

(Dkt. No. 66 at 4).

4

Defendant's response to ROG 11 is that the terms of the Resignation and Release Agreement were intended to completely resolve any claims which Defendant Gardner would have under his Employment Agreement and any potential claims arising from his employment.

Upon a review of Plaintiff's ROGs 10 and 11 and Defendant City's responses, the Court finds Defendant City has not fully addressed its knowledge, or lack thereof, of any fault-based grounds or other reasons for Defendant Gardner's removal as City Administrator. The information sought by Plaintiff is relevant to Defendant Gardner's counterclaim for slander *per se* against Plaintiff. Defendant Gardner's counterclaim alleges that due to Plaintiff's claims against him in the instant case, Defendant Gardner lost his job and lost wages. (Dkt. No. 90 at 9). Plaintiff's motion to compel as to Defendant City's responses to ROGs 10 and 11 is granted. Within ten (10) days, Defendant City is instructed to supplement its discovery responses to Plaintiff's ROGs 10 and 11 consistent with the Court's Order.

### B. The City's Responses to Plaintiff's RFPs

First, Plaintiff claims that Defendant City's response to Plaintiff's RFP 1 is insufficient. Second, Plaintiff indicates Defendant City's response to Plaintiff's RFPs 2, 4, 5, 6, 8, 9, and 10 are insufficient. On reply, Plaintiff indicates Defendant City has fully complied with Plaintiff's RFP 1 and Plaintiff's RFP 2, 4, 5, 6, 7, 8, 9, and 10. Plaintiff's motion to compel is denied as to Defendant City's responses to Plaintiff's RFP 1, 2, 4, 5, 6, 7, 8, 9, and 10.

Third, Plaintiff indicates that Defendant City has not produced Suzanne Anderson's personnel file pursuant to Plaintiff's RFP 7. (Dkt. No. 99-7 at 2). Defendant City indicate the parties have resolved the issue. Defendant City maintains that a copy of Ms. Anderson's personnel file has been produced pursuant to the parties' Confidentiality Order. (Dkt. No. 102 at 2). Therefore, Plaintiff's motion to compel is denied as to Defendant City's responses to Plaintiff's RFP 7.

Fourth, Plaintiff indicates Defendant City has not produced any text messages, emails, or other communications between Defendants and/or other City Officials/Employees pursuant to Plaintiff's RFPs 11-14. (Dkt. No. 99-7 at 2). Plaintiff indicates it is common knowledge text messages can be recovered from telephones either by experts on these issues, or by requesting them from the telephone service provider itself, and Defendant City should produce this information by whatever means are most reasonable at its expense. (Dkt. No. 99-7 at 2). Defendant City indicates it produced all items including numerous emails and it has not been able to identify, locate, or retrieve any text messages within the parameters of Plaintiff's request.[1] As Defendant City maintains that it has produced all items within its possession responsive to these requests, Plaintiff's motion is denied as to Defendant City's responses to Plaintiff's RFPs 11-14.

Fifth, Plaintiff requests Defendant City respond fully to Plaintiff's RFPs 27 and 28. (Dkt. No. 99-7 at 2). Plaintiff's RFP 27 requests a copy of every ticket, warrant, or other document evidencing Defendant City's issuance of a charge against any third party/parties for violation of Defendant City's ordinance prohibiting littering. For each charge, Plaintiff requested (A) documents indicating whether the person charged was arrested or incarcerated and is so for how long; and (B) documents evidencing the final disposition of each such charge and the date it was finally disposed of. (Dkt. No. 66 at 10).

In response to RFP 27, Defendant City initially objected that a five-year time frame is overly broad and unduly burdensome to Defendant. (Dkt. No. 66 at 10). Defendant City supplemented the response to indicate that pursuant to deposition testimony, no warrants were issued for littering

---

[1] On reply, Plaintiff indicates that the cell phones of Defendant Gardner and Suzanne Anderson were "wiped" so there is no data remaining on the phones to be retrieved. (Dkt. No. 104 at 4). Plaintiff also insinuates it may be necessary to file a motion for spoliation of evidence related to RFPs 11-14. A motion for spoliation of evidence is not currently before the Court.

during the proscribed time frame, but it agreed to provide Plaintiff with a list of tickets issued for littering. (*Id.* at 10-11). On September 25, 2020, Defendant City produced a "Case File Report" listing tickets issued by the Georgetown Police Department for littering the previous five years. (Dkt. Nos. 102 at 2; Dkt. No. 104-7 at 2). Defendant City indicates that it does not maintain documents related to the charges based upon charges having been dismissed. (Dkt. No. 102 at 2). On reply, Plaintiff maintains that Defendant City's Case File Report fails to designate the final disposition of each charge. (Dkt. No. 104 at 4).

As Defendant City previously represented to Plaintiff that it would provide the Case File Report as requested by Plaintiff, Defendant City is instructed to supplement its response to Plaintiff's RFP 27 to indicate the final disposition of each littering charge in the Case File Report and the date it was disposed of. Plaintiff's motion to compel is granted as to Defendant City's responses to Plaintiffs RFPs 27. Within ten (10) days, Defendant City is instructed to supplement its discovery responses to Plaintiff's RFP 27 consistent with the Court's Order.

Plaintiff's RFP 28 requests Defendant City provide a complete copy of all criminal arrest warrants issued by Officer James Shelley Brantley for the period January 1, 2017 through the date of Defendant City's response. (Dkt. No. 66 at 11). Defendant City objects to this request on the ground the request seeks production of information not relevant to the litigation and not reasonably calculated to lead to the discovery of relevant evidence. (*Id.*). Defendant City further responds that Officer Brantley testified he is the liaison for Front Street community services, handles animal control, and is typically assigned minor criminal matters involving Front Street but that this was the only instance in which he obtained a warrant for littering. (*Id.*).

Plaintiff's Amended Complaint alleges that Officer Brantley met with Ms. Holt, the alleged witness to the littering incident, to obtain her statement regarding the incident. (Dkt. No. 87 at

7

12). Plaintiff alleges Officer Brantley was instructed to tell Ms. Holt to include Plaintiff's name in her statement regarding the littering incident. (*Id.* at 12-13). Plaintiff alleges Officer Brantley then charged Mark Mercer with littering. (*Id.* at 14). Plaintiff maintains the information sought in RFP 28 will indicate whether Officer Brantley was customarily involved in conducting investigations, issuing tickets, or warrants, or was primarily utilized by the City Police for other purposes, or whether he had issued a ticket or warrant for littering prior to this incident. (Dkt. No. 60-1 at 11). The Court finds that Plaintiff has not established how the requested information related to Officer Brantley's arrest warrants is relevant to Plaintiff's claims in this case and Plaintiff's motion to compel as to RFP 28 is denied.

### C. Defendant Scoville's Responses to Plaintiff's ROGs 1-6, 18, 23-24

Plaintiff requests Defendant Scoville provide complete and accurate responses to Plaintiff's ROGs 1-6, 18, 23-24, or allow Plaintiff to take the deposition of Defendant Scoville. Defendants have indicated they consent to Plaintiff taking the deposition of Defendant Scoville. On reply, Plaintiff indicates the arguments as to these discovery requests are withdrawn. (Dkt. No. 104). Thus, Plaintiff's motion is denied as to Defendant Scoville's responses to Plaintiff's ROGs 1-6, 18, 23-24.

### D. Defendant Gardner's Response to Plaintiff's RFP 5

Plaintiff requests that Defendant Gardner respond to Plaintiff's RFP 5 by providing copies of the seventy-five-job applications Defendant Gardner allegedly filled out with the South Carolina Department of Employment and Workforce ("SCDEW"). (Dkt. No. 99-7 at 3). Plaintiff indicates this information is relevant to Defendant Gardner's counterclaim and clam for special damages and allegation of unemployment and lost wages. (*Id.*). Plaintiff indicates SCDEW has refused to produce the documents to Plaintiff on the ground the records are confidential. (*Id.*). Plaintiff maintains that Defendant Gardner can obtain copies of the records himself without concern for

confidentiality issues, thus although the documents are not in Defendant Gardner's possession that they are "technically within his control." (*Id.*). In response, Defendant Gardner indicates he does not have any job applications within his possession and that he produced all documents in his possession from SCDEW in his original production of documents. (Dkt. No. 102 at 2). As Defendant Gardner indicates he has produced everything in his possession responsive to ROG 5, Plaintiff's motion to compel is denied as to Defendant Gardner's response to Plaintiff's ROG 5.

### E. Defendant Gardner's Response to Plaintiff's RFA 1

Plaintiff requests that Defendant Gardner fully and accurately respond to Plaintiff's RFA 1, set forth in Plaintiff's Third RFAs. (Dkt. No. 99-7). On reply, Plaintiff withdraws his objection to Defendant's response to this discovery request. (Dkt. No. 104 at 5). Thus, Plaintiff's motion to compel is denied as to Defendant Gardner's Response to Plaintiff's RFA 1.

## IV. Conclusion

For the reasons stated above, Plaintiffs' motion to compel is **GRANTED IN PART**, **DENIED IN PART**. (Dkt. No. 99). Plaintiff's motion is **GRANTED** as to:

(1) Defendant City's Responses to Plaintiff's ROGs 10-11;

(2) Defendant City's Responses to Plaintiff's ROG RFP 27.

Defendant City is instructed to supplement its responses to Plaintiff's ROGs 10-11, and RFP 27 within ten (10) days.

Plaintiff's motion is **DENIED** as to:

(1) Defendant City's Responses to Plaintiff's: RFPs 1, 2, 4, 5-14, 28;

(2) Defendant Scoville's Responses Plaintiff's ROGs 1-6, 18, 23-24;

(3) Defendant Gardner's Response to Plaintiff's RFA 1.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel<br>Richard M. Gergel<br>United States District Judge

August 3, 2021
Charleston, South Carolina